

# IN THE
# TENTH COURT OF APPEALS

## No. 10-18-00392-CV

## IN THE INTEREST OF D.C., A CHILD

**From the 272nd District Court
Brazos County, Texas
Trial Court No. 17-000309-CV-272**

## MEMORANDUM OPINION

M.C., the father, and O.S., the mother, appeal from the trial court's judgment that terminated the parent-child relationship between them and their child, D.C. After hearing all the evidence, the trial court found by clear and convincing evidence that O.S. (1) knowingly placed or knowingly allowed the child to remain in conditions or surroundings that endanger the child, (2) engaged in conduct or knowingly placed the child with persons who engaged in conduct that endangers the child, (3) failed to comply with the provisions of a court order that specifically established the actions necessary to obtain the return of the child, and (4) used a controlled substance in a manner that endangered the health or safety of the child. TEX. FAM. CODE ANN. § 161.001 (b) (1) (D)

(E) (O) (P) (West Supp. 2018). The trial court found by clear and convincing evidence that M.C. failed to comply with the provisions of a court order that specifically established the actions necessary to obtain the return of the child. TEX. FAM. CODE ANN. § 161.001 (b) (1) (O) (West Supp. 2018). The trial court further found by clear and convincing evidence that termination was in the best interest of the children. We affirm.

## FACTS

On December 24, 2016, D.C. suffered severe burns when he was placed in scalding water while in the care of his mother's boyfriend. O.S. did not seek medical treatment for D.C. until January 3, 2017. D.C. required multiple surgeries for his injuries and testimony revealed that he was in excruciating pain when he was taken for treatment. D.C. was released from the hospital to his father's care, but was required to stay in Galveston for out-patient care at Shriner's Hospital.

O.S. and M.C. cared for D.C. together in a hotel in Galveston while they took him for out-patient care. The Department of Family and Protective Services developed a safety plan for D.C. that prohibited O.S. from being alone with the child. O.S. and M.C. got into an argument, and M.C. left the child with O.S. M.C. advised the Department that he no longer wanted to participate in the safety plan. D.C. was eventually placed into foster care. Both M.C. and O.S. were provided with a service plan that detailed the required services and tasks the parents were to complete and participate in for D.C. to be returned to their care.

In presenting this appeal, counsel for O.S. filed a brief pursuant to *Anders v. California* asserting that he has conducted a review of the record and found no arguable issues to raise on appeal. *See Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

The brief filed meets the requirements of *Anders* by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds to be advanced on appeal. Additionally, O.S.'s attorney advised her that he had filed the brief pursuant to *Anders*, that O.S. had the right to review the record and file a pro se response on her own behalf, and provided O.S. with a copy of the record. Although given the opportunity, O.S. did not file a response with this Court.

The order of termination recites that O.S.:

knowingly placed or knowingly allowed the child to remain in conditions or surroundings which endangered the physical or emotional well-being of the child pursuant to § 161.001 (b) (1) (D), Texas Family Code;

engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangered the physical or emotional well-being of the child, pursuant to § 161.001 (b) (1) (E), Texas Family Code;

failed to comply with the provisions of a court order that specifically established the actions necessary for the mother to obtain the return of the child who had been in the permanent or temporary managing conservatorship of the Department of Family and Protective Services for not less than nine months as a result of the child's removal from the parent under Chapter 262 for the abuse and neglect of the child, pursuant to § 161.001 (b) (1) (O), Texas Family Code;

used a controlled substance, as defined by Chapter 481, Health and Safety Code, in a manner that endangered the health or safety of the child, and (1) failed to complete a court-ordered substance abuse treatment program; or (2) after completion of a court-ordered substance abuse treatment program continued to abuse a controlled substance, pursuant to § 161.001 (b) (1) (P), Texas Family Code

TEX. FAM. CODE ANN. § 161.001 (b) (1)(D), (E), (O), and (P) (West Supp. 2018).

In the *Anders* brief, counsel analyzes the legal and factual sufficiency of the evidence to support termination. Counsel acknowledges that only one statutory ground is necessary to support an order of termination in addition to a finding that termination is in the children's best interest. *See In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003). Counsel further evaluates the legal and factual sufficiency of the evidence to support a finding that termination was in the best interest of the child. Counsel's brief evidences a professional evaluation of the record for error, and we conclude that counsel performed the duties required of an appointed counsel.

Due process requires application of the clear and convincing standard of proof in cases involving involuntary termination of parental rights. *In re J.F.C.*, 96 S.W.3d 256, 263 (Tex. 2002). Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established. *See* TEX. FAM. CODE ANN. § 101.007 (West 2008). *See also In re C.H.*, 89 S.W.3d 17, 25-26 (Tex. 2002).

The Family Code permits a court to order termination of parental rights if the petitioner establishes one or more acts or omissions enumerated under subsection (1) of

the statute and also proves that termination of the parent-child relationship is in the best interest of the child. *See* TEX. FAM. CODE ANN. § 161.001 (West Supp. 2018); *Holley v. Adams*, 544 S.W.2d 367, 370 (Tex. 1976). We agree with counsel's evaluation that there is clear and convincing evidence to support termination under Section 161.001 for O.S.

Notwithstanding the sufficiency of the evidence to support termination under section 161.001(1), we must also find clear and convincing evidence that termination of the parent-child relationship was in the child's best interest. *See* TEX. FAM. CODE ANN. § 161.001(2). Evidence that proves one or more statutory grounds for termination may also constitute evidence illustrating that termination is in the child's best interest. *See In re C.H.*, 89 S.W.3d at 28. There is a long-standing non-exhaustive list of factors for a court to consider in deciding the best interest of a child in a termination case. *See Holley*, 544 S.W.2d at 371-72.

We agree with counsel's evaluation that there is clear and convincing evidence under the appropriate legal and factual sufficiency standards for the trial court to have determined that termination of O.S.'s parent-child relationship was in the best interest of D.C.

Upon receiving a "frivolous appeal" brief, this Court must conduct a full examination of all proceedings to determine whether the case is wholly frivolous. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 349-50, 102 L. Ed. 2d 300 (1988); *see also In re M.A.R.*, No. 10-10-00237-CV, 2011 Tex. App. LEXIS 3596, at *2 (Tex. App.—Waco May 11,

2011, no pet.) (mem. op.). After our review of the entire record and counsel's brief, we agree with counsel that there are no plausible grounds for appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005).

If O.S., after consulting with counsel, desires to file a petition for review, counsel is still under a duty to timely file with the Texas Supreme Court "a petition for review that satisfies the standards for an *Anders* brief."[1] *See In re P.M.*, 520 S.W.3d 24, 27-28 (Tex. 2016).

### FATHER'S ISSUE ON APPEAL

In the sole issue on appeal, M.C. argues that the evidence is legally and factually insufficient to support the trial court's finding that he failed to comply with a court order that specifically established the actions necessary to obtain the return of the child. In conducting a legal sufficiency review in a parental termination case:

> [A] court should look at all the evidence in the light most favorable to the finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction that its finding was true. To give appropriate deference to the factfinder's conclusion and the role of a court conducting a legal sufficiency review, looking at the evidence in the light most favorable to the judgment means that a reviewing court must assume that the factfinder resolved disputed facts in favor of its finding if a reasonable factfinder could do so. A corollary to this requirement is that a court should disregard all evidence that a reasonable factfinder could have disbelieved or found to be incredible. This does not mean that a court must disregard *all* evidence that does not support the finding. Disregarding undisputed

---

[1] We do not address whether counsel's duty requires the filing of a petition for review or a motion for rehearing in the Texas Supreme Court in the absence of the client's professed desire to do so in *Anders* proceedings.

facts that do not support the finding could skew the analysis of whether there is clear and convincing evidence.

*In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005) (per curiam) (quoting *In re J.F.C.*, 96 S.W.3d 256, 266 (Tex. 2002)) (emphasis in *J.P.B.*).

In a factual sufficiency review,

[A] court of appeals must give due consideration to evidence that the factfinder could reasonably have found to be clear and convincing.... [T]he inquiry must be "whether the evidence is such that a factfinder could reasonably form a firm belief or conviction about the truth of the State's allegations." A court of appeals should consider whether disputed evidence is such that a reasonable factfinder could not have resolved that disputed evidence in favor of its finding. If, in light of the entire record, the disputed evidence that a reasonable factfinder could not have credited in favor of the finding is so significant that a factfinder could not reasonably have formed a firm belief or conviction, then the evidence is factually insufficient.

*In re J.F.C.*, 96 S.W.3d 256, 266-67 (Tex. 2002) (quoting *In re C.H.*, 89 S.W.3d 17, 25 (Tex.2002)) (internal footnotes omitted) (alterations added).

Section 161.001 (b) (1) (O) of the Texas Family Code provides that the court may order termination of the parent-child relationship if the court finds by clear and convincing evidence that the parent has:

failed to comply with the provisions of a court order that specifically established the actions necessary for the parent to obtain the return of the child who has been in the permanent or temporary managing conservatorship of the Department of Family and Protective Services for not less than nine months as a result of the child's removal from the parent under Chapter 262 for the abuse or neglect of the child

M.C. does not challenge that D.C. has been in the permanent or temporary managing conservatorship of the Department of Family and Protective Services for not less than nine months as a result of the child's removal from the parent under Chapter 262 for the abuse or neglect of the child. Therefore we will turn to whether M.C. failed to comply with the provisions of a court order that specifically established the actions necessary for him to obtain the return of D.C.

The trial court ordered M.C. to complete the terms of the service plan. The service plan specifically required M.C. to:

- Submit to random drug tests as requested by CPS. Drug tests not completed within 24 hours of the request will be counted as positive.
- Obtain and maintain a safe and stable home environment.
- Obtain and maintain a stable and legitimate income.
- Attend individual counseling and follow recommendations.
- Complete a drug and alcohol assessment and follow recommendations.
- Be involved in D.C.'s medical appointments and daily medical care.
- Have supervised visits with D.C. as approved and scheduled by CPS
- Contact CPS caseworker at least twice a month and notify CPS within 48 hours of address and/or phone number changes.
- Attend co-parenting counseling when recommended by therapist.
- Complete a psychological assessment and parenting assessment and follow recommendations made in the assessment.

Jennifer Smith, a caseworker with the Texas Department of Family and Protective Services, testified that M.C. did not comply with the provisions of his service plan.

Smith testified that out of 27 requested drug tests, M.C. missed or refused to take 12 tests. M.C. tested positive on 4 tests and negative on 10 tests. On May 22, 2017, M.C. refused to take a drug test because he said it would be positive for marijuana. On June 2,

2017 and August 23, 2017, M.C. tested positive for marijuana. M.C. also had positive drug tests for methamphetamine and cocaine.

Smith further testified that M.C. failed to obtain and maintain stable and legitimate income. At times, M.C. worked two or three days a week doing landscaping for his uncle and earned $400 a month at best. Smith testified that M.C. refused to provide proof of income and that he was not motivated to find employment.

Smith stated that M.C. missed 8 of his 36 scheduled visits with D.C. and that he had little meaningful interaction with D.C. when he did attend visits. M.C. participated in one medication management appointment for D.C., but did not actively participate in D.C.'s medical care. Smith further stated that M.C. did not contact her twice a month as required by his service plan.

M.C. argues that he substantially complied with the provisions of the court order. Ground O of Section 161.001 (b) (1) does not quantify any particular number of provisions of the family service plan that a parent must not achieve in order for the parental rights to be terminated or the degree of a parent's conduct that will be deemed to be a failure to achieve a particular requirement of the plan. *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(O) (West Supp. 2018); *In Interest of B.H.R.*, No. 06-17-00081-CV, 2017 WL 5150852, *5 (Tex.App.—Texarkana, November 7, 2017, no pet.). The record shows that M.C. did not comply with numerous provisions of the court order. Accordingly, we find that the trial court's determination that M.C. failed to comply with the requirements of the family

service plan is supported by legally and factually sufficient evidence, and we overrule M.C.'s sole issue on appeal.

**CONCLUSION**

We affirm the trial court's judgment.

                       JOHN E. NEILL
                       Justice

Before Chief Justice Gray,
       Justice Davis, and
       Justice Neill
Affirmed
Opinion delivered and filed May 1, 2019
[CV06]

